FILED'08 JUL 02 09:22USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| STEPHANIE MOOR, et al., | ) | Civil No. 06-3090-CL |
| Plaintiffs, | ) | **OPINION AND ORDER** |
| v. | ) | |
| CITY OF ASHLAND, et al, | ) | |
| Defendants. | ) | |

**PANNER, Judge.**

On January 22, 2008, Magistrate Judge Clarke filed his Report and Recommendation ("R&R"). Both sides filed objections. The matter is now before me for *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

The R&R recommends granting Plaintiffs leave to file the amended complaint. I adopt that recommendation. The R&R recommends granting summary judgment for defendants Cromwell and Bob Smith. I agree. All claims against defendants Potter, Falls, Bianca, Nick Smith, and any Doe defendants are dismissed without prejudice for failure to prosecute. Fed. R. Civ. P. 4(m). Plaintiffs concede they were never served.

The R&R correctly recommends granting summary judgment for defendants on all claims brought on behalf of the infant, Abel Undine, and on all claims against the City of Ashland.

1 - OPINION AND ORDER

### Claims by Plaintiff Davenport

The facts alleged by Plaintiffs do not implicate the First, Fifth, Sixth, or Eighth Amendments so I ignore all references to those Amendments in Plaintiffs' materials.

No Freedom of Speech claim was made in this case, so the discussion of that issue in the R&R is moot. Rather, Plaintiff Davenport asserts a "Freedom of Movement" claim which, in the present context, is properly analyzed as a liberty interest protected by the Fourteenth Amendment. See Johnson v. City of Cincinnati, 310 F.3d 484, 498 (6th Cir. 2002) (the "Constitution protects a right to travel locally through public spaces and roadways"); Lutz v. City of York, Pa., 899 F.2d 255, 268 (3rd Cir. 1990) (right to travel locally is liberty interest analyzed as substantive due process claim).[1]

Davenport's freedom of movement was restricted only to the extent she was briefly (for perhaps 30 minutes) denied entry to her own apartment until the situation was sorted out. Under the totality of the circumstances, a reasonable jury could not find that Davenport's constitutional right to "travel locally through public spaces and roadways" was violated. Summary judgment is entered against Davenport on her freedom of movement claim.

Davenport's Fourth Amendment claim also fails. She was not physically detained or restrained, nor was excessive force used against her. The Magistrate Judge correctly recommended granting summary judgment against Davenport on all her claims.

---

[1] Graham v. Connor, 490 U.S. 386 (1983), is inapplicable, as no explicit textual standards govern freedom of movement.

2 - OPINION AND ORDER

Claims by Plaintiff Moor

1.  **When Vanderlip Learned Davis Had Outstanding Warrants**

Officer Vanderlip had reason to suspect Davis might be in the apartment and Moor was trying to conceal him. However, the supermarket parking lot incident was only a misdemeanor. See ORS 811.700. It would not justify bursting into the apartment of a third party and arresting Davis without a warrant. See State v. Jordan, 288 Or. 391 (1980); Steagald v. United States, 451 U.S. 204 (1981). The propriety of Vanderlip's actions thus turn on what else Vanderlip knew and when.

The R&R concludes the "undisputed facts show that: Vanderlip was orally notified prior to the officers entry into the apartment that Davis had outstanding warrants for his arrest. . . . There was a lag time between when incidents actually took place and when they were recorded in the Incident History Detail Report." R&R, p. 23.

That may ultimately prove to be what happened, but those are not "undisputed facts." For purposes of this motion, the court assumes that Vanderlip did not learn of the outstanding warrants until after he had already entered the apartment at gunpoint, and after Moor had been released.

2.  **Whether Vanderlip is Entitled to Summary Judgment on Moor's Claims**

The R&R concludes that, as a mere visitor for the afternoon, Moor lacks standing to assert a Fourth Amendment claim based on the police entry of Davenport's apartment without a search warrant. Under the facts of this case, I agree.

3 - OPINION AND ORDER

The R&R also concludes "there are issues of fact regarding whether Vanderlip unlawfully seized Moor and/or used excessive force by handcuffing her in violation of the Fourth Amendment and there are issues of fact regarding whether Vanderlip is entitled to qualified immunity."  The Magistrate Judge therefore recommended denying Vanderlip's motion for summary judgment on that claim.  Again, I agree.

Vanderlip's declaration states that "[t]he detention of Ms. Moor . . . [was] based upon what we believed could be a hostage situation with an individual inside with a child wanted on drug related felony warrants."  Viewing the facts in the light most favorable to Moor, (1) Vanderlip did not yet know Davis was "wanted" for a felony, and (2) Vanderlip had no reason to believe Davis was holding the child hostage or that weapons were on the premises.  A jury could conclude Vanderlip over-reacted, taking a minor fender-bender in a grocery store parking lot and escalating it into a dramatic "hostage" standoff.  Coming between a mother and her infant son merely made matters worse.

Vanderlip handcuffed Moor and locked her in a hot police car for between 30 and 60 minutes--accounts vary--while she pleaded with the officers to let her re-enter the apartment and retrieve her infant son.  The other officers state they kept Moor locked in the car, in handcuffs, in deference to Vanderlip.

There are versions of the facts that could support Vanderlip's actions, or at least bring them within the realm of what a reasonable officer might believe permissible in that circumstance.  A jury will need to decide the facts.

4 - OPINION AND ORDER

Muehler v. Mena, 544 U.S. 93 (2005), is not dispositive. There, the police made entry pursuant to a warrant, searching for weapons and a wanted gang member, and found they were outnumbered by the occupants, two to one. Cf. Id. at 100 ("But this was no ordinary search.") Defendants would have this court transform the extraordinary facts of Muehler into an everyday norm.

Defendants also rely on other cases in which officers were executing warrants, and temporarily detained all occupants. Those were not the facts here (for purposes of the motion).

Defendants' citations to deposition excerpts are likewise unpersuasive. The question is not whether Vanderlip was at the scene for some ulterior purpose, but whether he violated Moor's constitutional rights while performing what he perceived to be "his job."

### Conclusion

Magistrate Judge Clarke's R&R (docket # 60) are adopted as modified herein. Plaintiffs' Motion (# 28) for Leave to File an Amended Complaint is granted. The claims against Defendants Potter, Falls, Bianca, Nick Smith, and any Doe defendants are dismissed without prejudice for failure to prosecute.

Defendants' Motion (# 18) for Summary Judgment is granted in part and denied in part. Summary judgment is entered for Defendants Cromwell, Bob Smith, and City of Ashland on all claims against those defendants. Summary judgment is entered against Plaintiffs Davenport and Undine on all claims.

/ / / /

/ / / /

5 - OPINION AND ORDER

This case will proceed to trial on Plaintiff Moor's Fourth Amendment claim against Defendant Vanderlip.

IT IS SO ORDERED.

DATED this ___7___ day of July, 2008.

                               /s/ Owen M. Panner
                               Owen M. Panner
                               United States District Judge